### CHARLES F. PERRY *vs.* VERMONT FARM MACHINE CO.

January Term, 1898.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

#### *Evidence—Rebuttal.*

The question was whether the defendant's machine, in operating which the plaintiff was injured, was defective at the time of the accident, some eight years before the trial. The plaintiff's evidence tended to show that it was; the defendant's, that it was not, and further, that it was still in the same condition and still worked properly; and the machine was produced in court as a part of the defendant's case. *Held*, that the plaintiff was entitled to show in rebuttal that it still worked imperfectly in the respect complained of.

CASE. Plea, the general issue. Trial by jury at the September Term, 1897, Windham County, *Ross*, C. J.,

presiding. Verdict and judgment for the plaintiff. The defendant excepted.

*L. M. Read* for the defendant.

*C. H. Robb* and *Waterman, Martin & Hitt* for the plaintiff.

TAFT, J. The plaintiff's testimony in the opening tended to show, that in September, 1889, he was injured while operating a power press used by the defendant in stamping pieces of iron, and further tended to show that when the press was in operation, on moving the foot from the pedal of the press, the pulley pin would not be withdrawn readily, and the press would not stop, but continue to operate, and it was this continued operation that caused his injury. The defendant introduced testimony tending to show that no changes had been made in the press since the accident, eight years before the trial, and that at the time of the trial, the machine operated just as it did at the time of the accident, and that on removing the foot from the pedal, the pin would be at once withdrawn and the stamp cease to operate, and that the machine never failed to work properly; and at the close of its evidence the machine was put into the case by the defendant.

The plaintiff was then permitted, under exception, to show in rebuttal, that on the day of the trial, the press would not work properly; that the die would not stop when the foot was taken off the pedal, which was the claimed defective action.

The only question in the case is, whether this testimony was proper rebutting testimony. The testimony of the defendant tended to show that the press on the day of the trial worked properly and was in good repair. The machine was exhibited in the court room and operated by the defendant. The plaintiff was then entitled to show in rebuttal that it would not operate properly on the day of the trial. It does not appear that the plaintiff gave any testimony in the opening of his cause as to the condition of

the press at the time of the trial; the introduction of such testimony by the defendant gave the plaintiff the right to rebut it by testimony to show that the press was then out of repair and would not work properly. This testimony in rebuttal was made material by the testimony which the defendant introduced. There was no error in admitting it and

*The judgment is affirmed.*